[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
November 4, 2005
THOMAS K. KAHN
CLERK

_____

No. 05-12781
Non-Argument Calendar

_____

D. C. Docket No. 04-01282-CV-WBH-1

JANIS M. MOSS,

Plaintiff-Appellant,

versus

BELLSOUTH TELECOMMUNICATIONS, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(November 4, 2005)

Before BLACK, PRYOR and COX, Circuit Judges.

PER CURIAM:

Janis Moss appeals from a grant of summary judgment for Defendant

Bellsouth Telecommunications (BST). Moss filed her lawsuit in state court in Georgia, alleging BST's tort liability for assault, false imprisonment and intentional infliction of emotional distress. (R.1-1 at Exh. A.) BST timely removed the action to federal district court pursuant to 28 U.S.C. § 1441(b), alleging federal question jurisdiction under Section 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185(a), and 28 U.S.C. § 1337. (R.1-1.) Moss did not object to removal or move for remand to state court.

The district court granted BST summary judgment on the grounds that Moss's state tort claims were preempted by Section 301 of the LMRA. (R.1-19.) The district court found that Moss's allegations put at issue the terms of the collective bargaining agreement (CBA) between BST and the Communications Workers of America (Moss's representative) and the terms of a settlement agreement between BST and the union. (R.1-19 at 10-11.) We agree.

"'When resolution of a state law claim is substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract,' the state law claim has been preempted." *Bartholomew v. AGL Resources, Inc.* 361 F.3d 133, 1338 (11th Cir. 2004) (quoting *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 213, 105 S. Ct. 1904, 1912, 85 L.Ed. 2d 206 (1985)). On appeal, Moss contends that her lawsuit does not place the terms of the CBA or the settlement

2

agreement at issue. Examination of the complaint and the Joint Preliminary Report and Discovery Plan (signed and filed jointly by the parties as required by Rule 16 and adopted by the district court as its pretrial order) compel a different conclusion. The complaint incorporates into the counts for assault, false imprisonment and intentional infliction of emotional distress allegations that both Moss's right to a union representative and a previous settlement agreement were violated during the tortious behavior. (R.1-1 at Exh.A, ¶¶ 7, 8, 14, 18, 22.) Moreover, the Rule 16 report clearly puts the CBA and settlement agreement between BST and the union at issue. (R.1-10 at 1, 2.) Therefore, the LMRA preempts Moss's state law claims. Summary judgment was appropriate.

AFFIRMED.